UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT WHITE, et al.,

                Plaintiffs,

        -against-

DEPARTMENT OF CORRECTIONS, et al.,

                Defendants.

1:25-CV-8711 (LTS)

ORDER TO SEVER AND
OPEN NEW CIVIL ACTIONS

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Robert White, who is currently held in the Otis Bantum Correctional Center ("OBCC") on Rikers Island, filed this action *pro se* in which he asserts claims arising out of an incident that allegedly occurred in the OBCC on August 29, 2025. The complaint initiating this action seems to allege that White and 27 other then-OBCC prisoners were forced to undergo "un[acc]eptable[,] mandatory[,] random, or orchestrated high specialized (stripped naked searches) by force." (ECF 1, at 6.) It lists the names of White and of the 27 other prisoners as the named plaintiffs, though only White has signed the complaint.[1]

      For the reasons set forth below, the Court directs the Clerk of Court to: (1) sever from this action, under Rule 21 of the Federal Rules of Civil Procedure, the claims of those prisoners, other than White, who are named as plaintiffs in this action; (2) open a new civil action for each of those plaintiffs, other than White, who will now be the sole plaintiff in this action; and (3) file a copy of the complaint from this action and a copy of this order in each of the newly opened actions.

---

[1] In addition to being the only prisoner to have signed the complaint, White is the only prisoner to have filed a signed *in forma pauperis* ("IFP") application and prisoner authorization. (ECF 2 & 3.) The Court has granted White IFP status. (ECF 5.)

**DISCUSSION**

Under Rule 20 of the Federal Rules of Civil Procedure ("Rule 20"), multiple plaintiffs may join in one action if: (1) they assert any right to relief arising out of the same transaction, occurrence, or series of occurrences; and (2) any question of law or fact in common to all the plaintiffs will arise in the action. Fed. R. Civ. P. 20(a); *Kalie v. Bank of Am. Corp.*, No. 1:12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), courts have the authority to sever claims, even without a finding that joinder of such claims would be improper. *See* Fed. R. Civ. P. 21. Generally, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay," Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (footnote omitted), a court may sever a claim, *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met" (citation omitted)).

In determining whether to order severance of claims, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821,

2

826 (S.D.N.Y. 2008) (considering motion to sever under Rules 20 and 21); *see also Laureano v. Goord*, No. 1:06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007) (noting that, when considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)), *report & recommendation adopted*, 2007 WL 2852770 (S.D.N.Y. Sept. 28, 2007).

The Court finds that, in the interests of judicial economy, the claims brought by the plaintiffs other than White should be severed from this action, under Rule 21, because the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the plaintiffs' claims in one action.

First, as *pro se* litigants, each plaintiff may only appear on his or her own behalf; none may appear as an attorney for the others. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'" (citations omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). Although it appears that White filed the complaint, he does not allege that he is an attorney, and therefore, he cannot represent the interests of the 27 other plaintiffs.

Second, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. Fed. R. Civ. P. 11(a). During this action, each plaintiff will be required to sign every document submitted. But because of the transitory nature of a pretrial detention facility, such as the OBCC,

3

where one or more of the plaintiffs could be released or transferred at any time, at least some of the plaintiffs will be likely unable to sign future documents.

Finally, because of security concerns related to correspondence and face-to-face communications between detained individuals, the plaintiffs will have, at best, only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the submissions that they file with the court. These circumstances will result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 1:14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that a multi-prisoner-plaintiff civil action should be severed, under Rule 21, into individual civil actions based on the many infirmities in the complaint, security considerations, and the plaintiffs' likely inability to jointly litigate one civil action because they are housed in different facilities or given limited opportunities to associate).

For these reasons, the Court concludes that allowing this civil action to proceed as a multi-plaintiff civil action would not be fair to all of the plaintiffs and would not achieve judicial economy. Allowing each plaintiff to proceed separately will facilitate the fair and efficient disposition of the litigation.

The Court therefore severs from this civil action the claims of all of the plaintiffs with the exception of White's claims. White will proceed as the sole plaintiff in this action. The Clerk of Court will open one new civil action, each civil action with its own distinctive docket number, for each of the other 27 plaintiffs listed below. The Clerk of Court will file in each of the newly opened civil actions a copy of the complaint filed in this action (ECF 1) and a copy of this order. The newly opened civil actions will proceed independently from this point on, and the plaintiffs will not be regarded as co-plaintiffs, except upon further order of the court. Once the new civil

4

actions are opened, the Court will direct the other 27 plaintiffs to file signed complaint signature pages, and to pay the requisite fees or to complete, sign, and submit IFP applications and prisoner authorizations.

This order offers no opinion on whether the newly opened civil actions may be deemed related under Rule 13 of the Rules for the Division of Business Among District Judges or be consolidated under Rule 42 of the Federal Rules of Civil Procedure.[2]

The following five pages include a list of the 27 other plaintiffs:

1. Ishmill Fate
   B&C: 3492303385
   NYSID: 16049661M
   Otis Bantum Correctional Facility
   16-00 Hazen Street
   East Elmhurst, New York 11370

2. Anthony Maldonado
   B&C: 4412502576
   NYSID: 09946582Y
   Otis Bantum Correctional Facility
   16-00 Hazen Street
   East Elmhurst, New York 11370

3. Amad Edwards
   B&C: 3492403338
   NYSID: 15658385M
   Otis Bantum Correctional Facility
   16-00 Hazen Street
   East Elmhurst, New York 11370

4. Jamel Williams
   B&C: 3492503156

---

[2] The severance of the claims of the other 27 plaintiffs into 27 other newly opened civil actions does not mean that these actions cannot be considered or tried together. If appropriate, the court can deem the newly opened civil actions as related to this action and/or to each other action, or consolidate them. *See generally Hagan v. Rogers*, 570 F.3d 146, 161 n. 11 (3d Cir. 2009) (Jordan, C.J., concurring in part) ("The difference between joinder under Rule 20 and consolidation under Rule 42(a) is not a distinction without a difference. Under the latter rule, before there is a consolidation there are, by definition, separate actions, for each of which a filing fee is paid and each of which must stand on its own merit.").

NYSID: 16841570Z
Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

5. Moriyah Lewis
B&C: 8952200274
NYSID: 01166221H
Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

6. Michael Fields
B&C: 1412501841
NYSID: 09532170K
Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

7. Mark Green
NYSID: 02238213L
DIN: 25R2868
Ulster Correctional Facility
750 Berme Road
P.O. Box 800
Napanoch, New York 12458-0800

8. Marly Senat
NYSID: 00026256Z
DIN: 25R3344
Ulster Correctional Facility
750 Berme Road
P.O. Box 800
Napanoch, New York 12458-0800

9. Gary Denzel
NYSID: 02668219K
DIN: 25R3421
Ulster Correctional Facility
750 Berme Road
P.O. Box 800
Napanoch, New York 12458-0800

10. Erick Castillo
B&C: 3492502008
NYSID: 13071735R

Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

11. Solne Martinez
B&C: 3492502626
NYSID: 01496652Y
Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

12. Lashawn Delima
B&C: 3102400510
NYSID: 00952497P
Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

13. Charles Hernandez
NYSID: 06964034P
DIN: 25B2902
Clinton Correctional Facility
1156 Route 374
P.O. Box 2001
Dannemora, New York 12929

14. Adonis Duran
NYSID: 12998832H
DIN: 25R3367
Ulster Correctional Facility
750 Berme Road
P.O. Box 800
Napanoch, New York 12458-0800

15. Terrence Reed
B&C: 8252301592
NYSID: 08807338M
Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

16. Shane Campbell
B&C: 1412400266
NYSID: 11956024H
Otis Bantum Correctional Facility
16-00 Hazen Street

East Elmhurst, New York 11370

17. Akeem Williams
    NYSID: 16238557J
    DIN: 25R3159
    Ulster Correctional Facility
    750 Berme Road
    P.O. Box 800
    Napanoch, New York 12458-0800

18. Luis Zapata
    B&C: 2412501393
    NYSID: 091007664M
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

19. Quaveon Ross
    B&C: 3102500234
    NYSID: 12093140P
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

20. Ibn Robinson
    B&C: 4102500327
    NYSID: 16023332Z
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

21. Elijah Norris
    B&C: 1412402152
    NYSID: 01550228Z
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

22. Livingston Paguandas
    B&C: 1412501119
    NYSID: 00176214N
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

23. Jordan Hannah
    B&C: 4102500080
    NYSID: 13543741H
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

24. Keith Douglas
    B&C: 2412400289
    NYSID: 13444973M
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

25. Kisean Samuels
    B&C: 1412502910
    NYSID: 02985695K
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

26. Steven Raphael
    B&C: 9002500017
    NYSID: 15859028J
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

27. Ashaunte Scott
    B&C: 3492400027
    NYSID: 13332584M
    Otis Bantum Correctional Facility
    16-00 Hazen Street
    East Elmhurst, New York 11370

## CONCLUSION

The Court severs from this action all of the claims of all of the plaintiffs, with the

exception of Plaintiff Robert White's, under Rule 21 of the Federal Rules of Civil

Procedure. Robert White will proceed as the sole plaintiff in this action.

The Court directs the Clerk of Court to open a separate civil action with a new civil

docket number for each of the 27 plaintiffs listed on pages five through nine of this order. The

Court also directs the Clerk of Court to file a copy of the complaint (ECF 1) filed in this action and a copy of this order in each newly filed civil action opened pursuant to the abovementioned directive.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court further directs the Clerk of Court to mail a copy of this order to each of the plaintiffs in this action at their addresses of record.

SO ORDERED.

Dated:    October 30, 2025
          New York, New York

                                   /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                          Chief United States District Judge